UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| NORMAN MEDLEY, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:07CV13(TCM) |
| KEITH SORRELL, | ) | |
| Defendant. | ) | |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Norman Medley, a prisoner at the Cape Girardeau County Jail (Jail), for leave to commence this action without payment of the required filing fee [Doc. #2]. See 28 U.S.C. § 1915(a). Also before the Court is applicant's motion to appoint counsel [Doc. #4]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $0. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and,

when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $0, and an average monthly account balance of $0. Applicant has insufficient funds to pay the entire filing fee. Furthermore, the Court will assess an initial partial filing fee of $0.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant

2

who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Jackson Sawmill Co. v. United States</u>, 580 F.2d 302, 306 (8th Cir. 1978), <u>cert.</u> <u>denied</u>, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  <u>Denton v. Hernandez</u>, 112 S. Ct. 1728, 1733 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks damages pursuant to <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971), for alleged violations of his constitutional rights.  Named as the sole defendant is Keith Sorrell, the Assistant United States Attorney prosecuting plaintiff's criminal case.  <u>See</u> <u>United States v. Medley</u>, No. 1:05CR181(HEA) (E.D. Mo.).  Briefly, plaintiff alleges that defendant Sorrell is maliciously prosecuting him by fabricating

3

evidence.

## Discussion

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Defendant Sorrell is absolutely immune from liability for damages for actions taken in initiating criminal prosecution and presenting the Government's case. Imbler v. Pachtman, 424 U.S. 409, 431-32 (1976); White v. Bloom, 621 F.2d 276, 280 (8th Cir. 1981) (same holding in suit brought under §§ 1983 and 1985); see also Myers v. Morris, 810 F.2d 1437, 1446 (8th Cir. 1987) (allegations that prosecutor presented false testimony or withheld evidence do not defeat immunity).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $0.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #4] is **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

Dated this 30th day of April, 2007.


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE